NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SUPER 8 MOTELS, INC., a South Dakota )
Corporation, )
 )
                            Plaintiff, )    Hon. Harold A. Ackerman
 )
    v. )    Civil Action No. 06-1333 (HAA)
 )
RADHE-KRISHNA HOSPITALITY, LLC, )    **OPINION AND ORDER**
a Michigan limited liability company, )
GOPAL PATEL, an individual, and )
VIMALABEN PATEL, an individual, )
 )
                           Defendants. )
---

**ACKERMAN, Senior District Judge:**

      This matter comes before the Court on Plaintiff Super 8 Motels, Inc.'s ("SMI") motion for default judgment (Docket No. 4) against Defendants Radhe-Krishna Hospitality, LLC, Gopal Patel, and Vimalaben Patel (collectively "RKH"). For the following reasons, Plaintiff's motion for default judgment is GRANTED with respect to liability, and GRANTED in part with respect to damages.

*Background*

      SMI filed a Complaint in this matter on March 21, 2006, seeking damages as a result of the alleged breach and premature termination of a license agreement between SMI and RKH. Service of the Summons and Complaint was effectuated on all parties by May 26, 2006. RKH

1

never filed an Answer to the Complaint and has yet to appear in this matter. On July 14, 2006, the Clerk entered default as to all Defendants. On November 21, 2006, SMI filed the instant motion for default judgment as to all Defendants. SMI also served RKH, via certified and regular mail, a copy of this motion. The instant motion was returnable on December 11, 2006. Still, there has been no response from any Defendant.

*Analysis*

Federal Rule of Civil Procedure 55(b)(2) allows for the Court's entry of default judgment. On a motion for default judgment, the Court must accept all allegations in the Complaint other than those regarding the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Where damages are for a sum certain and stated in the Complaint, the Court need not conduct any further inquiry. Fed. R. Civ. P. 55(b)(2).

As a preliminary matter, SMI properly effectuated service of process on all Defendants, and Defendants have had notice of the instant motion as well. Therefore, the Court will enter default judgment with respect to liability.

With respect to damages, SMI's Complaint seeks recurring fees as well as liquidated damages, pursuant to section 11.2 of the franchise agreement between SMI and RKH. Specifically, SMI seeks $11,219.97 in recurring fees, which represents principal plus prejudgment interest. In addition, SMI seeks $120,350.00, which represents liquidated damages plus prejudgment interest. These damages for a sum certain will be awarded.

Finally, Plaintiff seeks attorneys' fees and costs in the amount of $3,053.83. However, Plaintiff did not submit descriptive time entries to support its claim for attorneys' fees, and this

Court cannot accept Plaintiff's conclusory allegations regarding the reasonableness of its requested fees.  The Court will require Plaintiff to submit within 30 days descriptive time entries from its billing records for the Court's *in camera* review.

*Conclusion & Order*

For the foregoing reasons, it is hereby ORDERED that Plaintiff's motion for default judgment (Docket No. 4) is GRANTED with respect to liability and GRANTED IN PART with respect to damages.  Judgment by default is hereby ENTERED in favor of Plaintiff SMI and against Defendants Radhe-Krishna Hospitality, LLC, Gopal Patel, and Vimalaben Patel in total amount of $131,569.97, consisting of $11,219.97 in Recurring Fees (principal plus prejudgment interest) and $120,350.00 in liquidated damages (principal plus prejudgment interest).  The Clerk shall mark this matter closed.

It is hereby further ORDERED that within thirty (30) days of the entry of this Opinion and Order, Plaintiff shall submit descriptive time entries from its billing records for this Court's *in camera* review in relation to Plaintiff's claim for reasonable attorneys' fees and costs.

Dated:  December 21, 2006
Newark, New Jersey

s/Harold A. Ackerman
U.S.D.J.