```
```

NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER 8 MOTELS, INC., a South Dakota Corporation, | |
| Plaintiff, | Hon. Harold A. Ackerman |
| v. | Civil Action No. 06-1333 (HAA) |
| RADHE-KRISHNA HOSPITALITY, LLC, a Michigan limited liability company, GOPAL PATEL, an individual, and VIMALABEN PATEL, an individual, | **OPINION AND ORDER** |
| Defendants. | |

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on the request by Plaintiff Super 8 Motels, Inc.'s ("SMI") counsel for attorney's fees and costs. In a December 21, 2006 Opinion and Order, this Court granted Plaintiff's motion for default as to liability against Defendants Radhe-Krishna Hospitality, LLC, Gopal Patel, and Vimalaben Patel. The Court also granted in part Plaintiff's motion as to damages. This Court ordered Plaintiff's counsel to submit descriptive time entries from its billing records for this Court's *in camera* review in relation to Plaintiff's claim for reasonable attorneys' fees and costs and allowed Defendants the opportunity to respond to Plaintiff's costs and fees submissions.

*Analysis*

In determining the reasonableness of a fee request, the Third Circuit has adopted the "lodestar" method, by which the Court multiplies the number of hours reasonably expended by counsel by a reasonable hourly rate. *See, e.g., Washington v. Philadelphia Cty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). The party seeking attorney fees bears the burden to prove the reasonableness of the fee request. *Rode v. Dellarsciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The Court may not make a finding of reasonableness based on a generalized sense of appropriateness, but must rely on the record. *Evans v. Port Auth. of N.Y. and N.J.*, 273 F.3d 346, 361 (3d Cir. 2001) (quoting *Smith v. City of Philadelphia Housing Auth.*, 107 F.3d 223, 225 (3d Cir. 1997)).

Connell Foley LLP, representing SMI, has submitted documents supporting its application for attorney's fees and costs. Even though Defendants have not objected to the requests, the Court has carefully reviewed all of Plaintiff's submissions. The Third Circuit has admonished district courts that "fee requests [must] be subjected to a thorough and searching analysis" with a line-by-line examination of the request to ensure that time expended by counsel was reasonable and not duplicative or excessive. *Evans*, 273 F.3d at 362.

SMI retained Connell Foley, LLP to represent it in this action. Bryan P. Couch, Esq. of Connell Foley LLP submitted a request for $4,822.81 in attorney's fees based upon a reasonable hourly rate ranging from $80.00 per hour for paralegal work to $180.00 per hour for associate work to $274.50 per hour for partner work. In addition, Mr. Couch submitted a request for $996.47 in costs, which includes filing fees, reproduction expenses, telephone charges, service of process fees, postage and courier expenses. Defendants have not objected to Mr. Couch's

request.  The Court has carefully reviewed the itemized fees submitted by Mr. Couch and concludes that they are reasonable. Therefore, this Court will order Defendants to pay Connell Foley LLP $4,822.81 in attorney's fees and $996.47 in costs for the representation of Plaintiff SMI.

### *Conclusion*

For the reasons stated above, it is hereby ORDERED, pursuant to this Court's December 21, 2006 Opinion and Order, that Defendants pay Plaintiffs' reasonable attorney's fees and costs in the total amount of $5,819.28.

Dated: January 23, 2007
Newark, New Jersey

s/ Harold A. Ackerman<br>U.S.D.J.